■ RICHARD L. WATERHOUSE, II, by His Guardian ad Litem, SHIRLEY M. WATERHOUSE, Respondent, v. DOMINIC BRUNO, Doing Business as THREE RIVERS INN, Appellant.— Same decision and like cause of action as in companion case of *Kerfein* v. *Bruno* (23 A D 2d 961), decided herewith.

■ RONALD W. WATERHOUSE, by His Guardian ad Litem, SHIRLEY M. WATERHOUSE, Respondent, v. DOMINIC BRUNO, Doing Business as THREE RIVERS INN, Appellant.— Same decision and like cause of action as in companion case of *Kerfein* v. *Bruno* (23 A D 2d 961), decided herewith.

■ SHERRY A. WATERHOUSE, by Her Guardian ad Litem, SHIRLEY M. WATERHOUSE, Respondent, v. DOMINIC BRUNO, Doing Business as THREE RIVERS INN, Appellant.— Same decision and like cause of action as in companion case of *Kerfein* v. *Bruno* (23 A D 2d 961), decided herewith.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KINZER POINTER, JR., Appellant.— Determination of this appeal withheld and case remitted to Erie County Court for a hearing and determination in accordance with memorandum. Memorandum: The written statement of the defendant was received in evidence over the objections of his counsel. Furthermore, the court in its charge on self defense referred to certain portions of the statement. Under these circumstances the matter must be remitted to Erie County Court for a hearing and determination of the question of the voluntariness of the statement in accordance with the procedures outlined in *People* v. *Huntley* (15 N Y 2d 72). (Appeal from judgment of Erie County Court, convicting defendant of manslaughter, first degree.) Present — Williams, P. J., Goldman, Henry, Noonan and Del Vecchio, JJ.

■ In the Matter of AUGUSTINE FRANCZYK, Appellant, v. GEORGE D. O'CONNELL, as Comptroller of the City of Buffalo, Respondent.— Order unanimously affirmed, without costs of this appeal to either party. Memorandum: We affirm the order appealed from on the basis of the incompatibility of the office of Councilman and the civil service position of Community Recreation Supervisor in the Department of Parks of the City of Buffalo. In view of our determination, if the petitioner should apply for a leave of absence from his Parks Department position for the full term to which he was elected as Councilman pursuant to chapter 3 section 71(a)(7) of the ordinances of the City of Buffalo, such a leave should be granted *nunc pro tunc* as of January 1, 1964 so as to afford full protection of his civil service rights and status. To avoid incompatibility between the public office and the position such a " leave of absence " must be a total and complete separation from his position in the Parks Department for the term of office as Councilman. (Appeal by petitioner from an order of Erie

Special Term, confirming the action of respondent who refused to approve payrolls or issue pay warrants for petitioner for any position other than Councilman for the City of Buffalo.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.